# William Gordon and James Tannahill, plaintiffs in error, *vs.* John C. Atkinson, defendant.

### *Error to Muscatine.*

In an action on a delivery bond, it is not necessary to assign breaches in the declaration.

This cause was tried at the July term, 1841, of the Muscatine District Court, before the Hon. Joseph Williams. It was an action of debt on a delivery bond. Judgment by default and inquiry.

STEPHEN WHICHER, for plaintiff in error :

It appears by the pleadings that the plaintiff below did not assign in his declaration, nor in the record, any breach in the condition of the bond. This is the principal error relied upon to reverse the judgment of the court below. The statute of 1839, p. 200-1, provides for the taking of delivery bonds for property taken under execution, and that an action may be had thereon whenever the conditions thereof may have been violated. The statute also provides, p. 3 & 4, s. 16, that in actions brought on penal bonds conditioned for the performance of covenants, the plaintiff may assign in his declaration as many breaches as he may think fit. This statute is substantially a copy of 8 & 9 W. 3, c. 11 s. 8, and must receive the same construction. *May assign*, is compulsory upon the plaintiffs, 1 Saund. R. 58. The same doctrine is recognized in Chitty on Plead. Nor is this bond an exception to the general rule as mentioned in Saunders. The statute contemplates an assignment of the breach. A violation of the condition must be pleaded as well as proved.

GRIMES & STARR, for defendant :

It is contended that the plaintiff below was obliged to proceed on the bond, under the provisions of the 16th section of the Practice Act.— Without being at the trouble of examining the general nature and bearing of that act, we will admit for the sake of argument, as contended by the plaintiffs in error, that the Practice Act is the same with the act of W. 3, c. 11, s. 8 ; yet by reference to the 2nd vol. of Chitty, 440, we find that the English adjudications have setttled, that that act had no reference to bonds conditioned for the payment of a sum certain, nor to bail bonds ; nor to cases where the damages assessed by the jury, meet and satisfy the entire condition of the bond.   Here the damages are assessed to satisfy the entire condition of the bond.   The statute expressly provides for this.   See the 11 sec. of the law in reference to executions, Iowa Laws,  approved January 25, 1839.   In reference to the construction of the Practice Act, sec. 16, see 2 Chitty, 440 ; also, 2 Barn. & Cress. 82, 89, &c.

There can be no dispute that in actions upon bail bonds, replevin bonds, &c., the plaintiff may declare upon an unconditional bond, and that the condition is only matter of defence.   See 1 Chitty, 615, 618.

PER CURIAM, MASON, CHIEF JUSTICE.—This was an action of debt brought upon a bond for the delivery of property taken on execution. No breaches were assigned on the record, for which omission the plaintiffs in error ask a reversal of the judgment obtained below.

The sixteenth section of our practice act, seems to render it necessary to assign breachs in all cases coming within the statute.   Such is the decision in England under a like statute, 1 Chitty, 408.   There, however, these breaches need not be assigned in the declaration, but may be set forth in the replication.   But suppose there is no plea and consequently no replication.   The English statute provides for suggesting the breaches upon the roll, on which the enquiry is to operate, without requiring them to be set forth in the declaration.   Our statute makes no such provision, but requires that the breaches be assigned *in the declaration* in cases coming within the statute.

Is this then a bond within the statute ?   We think not.   That statute provides that " in actions brought on penal bonds, conditioned for the performance of covenants, the plaintiff may assign in his declaration, as many breaches as he may think fit ; and the jury, whether on the trial of the issues or of enquiry, shall assess the damages for so many breaches as the plaintiff shall prove, and the judgment for the penalty shall stand as a *security for such other breaches as may afterwa*

happen." The statute seems to look to cases where the breaches, upon which the damages are to be assessed, are only a portion of those against which the bond was to operate as a security, and not to those where the damages to be assessed in the case, are to satisfy the entire condition of the bond. It has been so held in England, under their statute, 2 Chitty, 440.

The case now under consideration is of this latter description. There is only one breach, and all the damages are to be assessed at once. In cases like this, the statute declares that where the property is not forthcoming, agreeably to the condition of the bond, suit may be brought thereon, and on the recovery being had, the amount due on the execution, shall be assessed in favor of the plaintiff, if the property be worth so much, &c. Act of 1838-9, p. 200. This bond is clearly not within the statute requiring the assignment of breaches. Besides such an assignment is wholly unnecessary. The law has pointed out the measure of damages, against which nothing can protect the defendant, but the performance of the condition of the bond. If he had done this he should have so pleaded. His default is an admission against himself. The omission of the assignment of breaches in cases like this, would therefore, at most, be only a formal defect, for which judgments are not to be reversed.

Judgment affirmed.